UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MORABITO**, | CIVIL ACTION |
| Petitioner, | No. 06-1415 |
| v. | |
| **MARK KRYSEVIG, SUPERINTENDENT OF SCI/CRESSON**,[1] et al., | |
| Respondents. | |

MEMORANDUM

July 18, 2007,

  Donald Morabito, a Pennsylvania prisoner, petitions for a writ of habeas corpus.[2] United States Magistrate Judge Charles B. Smith has recommended that the petition be dismissed without prejudice because Morabito's claims are unexhausted.  Morabito filed objections to Magistrate Judge Smith's report and recommendation (R & R), and the Commonwealth, through the Philadelphia District Attorney's office, responded to

---

 [1] Mark Krysevig is the current superintendent of SCI/Cresson, the facility where the petitioner is incarcerated.  The Clerk will amend the docket accordingly.  *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in an official capacity and during its pendency . . . resigns, or otherwise ceases to hold office, . . . the officer's successor is automatically substituted as a party.").

 [2] The petition was originally filed in the Middle District of Pennsylvania, but was transferred to this court pursuant to 28 U.S.C. § 2241(d).

Morabito's objections in a letter brief.

Notwithstanding Morabito's well-presented arguments,[3] upon de novo review pursuant to 28 U.S.C. § 636(1)(b), the court agrees with the R & R's conclusion that his petition is unexhausted in the Pennsylvania courts and that the lack of exhaustion is not excused. Therefore, after discussing Morabito's objections, the court will adopt the R & R and dismiss Morabito's petition without prejudice.

**Morabito's objections**

    **Futility**

Morabito presents one issue in his petition—that "the 12 Informations [with which he was charged] violate the notice requirement under the Sixth Amendment." Petr.'s Objs. 1 (emphasis omitted). Morabito does not argue that he has exhausted this claim in state court. Nor does Morabito argue "an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i)—indeed, it appears that Morabito's direct appeal is currently pending before the Pennsylvania Superior Court. Further, he does not contend that external "circumstances exist that render such [State corrective] process ineffective to protect [his] rights." *Id.* § 2254(b)(1)(B)(ii); *cf. Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000) ("[W]e have held that exhaustion is not required if there is inordinate delay in state procedures, or if state officials have obstructed the petitioner's attempts to obtain

---

[3] I have heeded Morabito's warning that "Petitioner is unlearned in the law so the Court should construe his Objections 'liberally.'" Petr.'s Objs. 1 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1977)). However, I have found little need to do so, as petitioner's filings have been thorough and well researched—although, as noted in the text, in the end the law is not on his side.

state remedies." (citations omitted)).  Rather, Morabito claims that his failure to exhaust his claims is excused because resort to the Pennsylvania courts would be futile due to what Morabito says are those courts' well-established antipathy to claims which are legally indistinguishable from his.[4]

The R & R, supplemented by the submissions of the parties, provides a thorough canvass of the law in this area.  Admittedly, the cases, including those of the Third Circuit and the Supreme Court, do not seem to speak with one voice on the question when—if ever—a federal habeas court may determine that a state's courts are so dead-set against the petitioner's view of federal constitutional law that the petitioner is excused from even bothering to present his claims to those state courts.  *Compare, e.g.*, *Lines*, 208 F.3d at 162 ("Futility exists where . . . a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field." (internal quotation marks omitted)), *with Parker v. Kelchner*, 429 F.3d 58, 64 (3d Cir. 2005) ("We . . . hold . . . that likely futility on the merits [in state court] . . . does not render [a] claim 'exhausted' . . . so as to excuse the petitioner's failure to

---

[4] Morabito points out that the Pennsylvania courts have repeatedly held that a criminal complaint, rather than an indictment or criminal information, can suffice to establish the notice required by the Sixth Amendment.  *See, e.g.*, *Commonwealth v. Hatchin*, 709 A.2d 405, 408 (Pa. Super. 1998) (noting that, although "[o]rdinarily, the requirement of formal notice is satisfied by the defendant's receipt of the criminal information," in the case under consideration, "the requirement of 'a formal and specific accusation' was satisfied by the criminal complaint filed against appellant." (quoting *Commonwealth v. Clark*, 511 A.2d 1382, 1384 (1986)); *see also Commonwealth v. Diaz*, 383 A.2d 852 (1978).

exhaust that claim by presenting it in state court before asserting in a federal habeas petition.").[5]

Whether or not *Lines* and *Parker* can be reconciled,[6] this court agrees with the Commonwealth that Morabito's petition must be dismissed in light of the recent, firm, and precedential statement in *Parker* "that the exhaustion requirement is not excused merely because a petitioner's claim will likely be denied on the merits in state court." *Parker*, 429 F.3d at 63. As recommended by the R & R, the dismissal will be without prejudice to refiling after Morabito has fairly presented his claims to the Pennsylvania courts (assuming he fails to win relief from those courts[7]).

---

[5] *Parker*, which brought the Third Circuit into line with several other circuits, *see Parker*, 429 F.3d at 63, 64, based its holding on the idea that "[a]llowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of an critical opportunity to examine and refine their constitutional jurisprudence." *Id.*

[6] Although *Parker* "acknowledge[d] . . . a concurring opinion in this Circuit that favors extension of the futility doctrine to cases in which the state court has ruled adversely on a similar claim," *Parker*, 429 F.3d at 63 (citing *DeFoy v. McCullough*, 393 F.3d 439, 448 (3d Cir. 2005) (Weis, J., concurring)), it did not "acknowledge" the statement in *Lines v. Larkin* quoted in the text, *supra*. *Parker* did cite *Lines* for the proposition that "the exhaustion requirement [may be] satisfied when a state's procedural rules prevent a petitioner from seeking further relief in the state courts." *Parker*, 429 F.3d at 62. Arguably, *Parker* regarded *Lines*'s discussion of other types of futility to be dicta. At any rate, *Parker*'s statement is indisputably not dicta (*see Parker*, 429 F.3d at 64 ("we . . . hold")), and, as the Commonwealth points out, *Parker* is the last word of our Circuit Court.

[7] Although the Pennsylvania courts have repeatedly held that a criminal complaint can suffice to provide a defendant with notice of the charges he must be prepared to face, most of the federal cases cited in Morabito's filings postdate the Pennsylvania Supreme Court's decision in *Diaz*, 383 A.2d 852 (1978), cited in note 4, *supra*, and several of the cited cases also postdate the Superior Court's decisions in *Hatchin*, 709 A.2d 405 (1998)

**Actual innocence/"miscarriage of justice"**

In the alternative, Morabito contends that his failure to exhaust his claim should be excused under a "miscarriage of justice" exception. The R & R rejects this argument on the ground that Morabito cannot establish the required showing of "actual innocence." Morabito objects, arguing that while he may not be "actually innocent of the crimes," he is "actually innocent of . . . the sentences because the basis of the sentences are the fatally defective Informations." Petr.'s Objs. 11. For the following reasons, this objection is unavailing.

The "miscarriage of justice" cases cited by Morabito stand—at best—for the proposition that procedural default may be excused on a showing of "factual innocence of the elements that permitted the imposition of the [sentence] under state law." *Johnson v. Pinchak*, 392 F.3d 551, 565–66 (3d Cir. 2004).[8] This court, however, need not decide the

---

and *Clark*, 511 A.2d 1382 (1986), also cited in note 4, *supra*.

    Moreover, in *Hatchin* and the other cited Pennsylvania cases the court found adequate notice where the "criminal complaint provided appellant with formal notice of the charges, and *no information or other document superseded the complaint*." *Hatchin*, 709 A.2d at 409 (emphasis added); *cf. Clark*, 511 A.2d at 374 (Lipez, J., dissenting) ("[The] sheriff filed a criminal complaint against defendant for the crime of escape, [but] the district attorney never filed an information formally charging defendant with that crime."); *Diaz*, 382 A.2d at 853–54 (noting that no indictment, or criminal information, was filed, but holding that criminal complaint provided sufficient notice). In Morabito's case, it appears that there *were* superseding criminal informations. This distinction provides further support for this court's finding that Morabito's failure to exhaust is not excused by futility, as his case does not "involv[e] facts and issues materially identical" to those treated unfavorably by the Pennsylvania courts. *See Lines*, 208 F.3d at 162.

    [8] *Cf. Sawyer v. Whitley*, 505 U.S. 333, 336 (1992) (noting, in death penalty context, that "to show 'actual innocence' one must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible

doubtful question whether these cases somehow encompass claims like Morabito's,[9] because Morabito's claim is not procedurally defaulted.

It is true that lack of exhaustion and procedural default will often go hand in hand. But, however much they may overlap in practice, exhaustion and procedural default are analytically distinct categories, and the excuses of "cause and prejudice" or "miscarriage of justice" are only applicable to procedural default.[10] Unlike the typical case, where a

---

for the death penalty"); *Jones v. Arkansas*, 929 F.2d 375, 381 (8th Cir. 1991) (finding that "[petitioner's] case falls within the extremely narrow band of cases in which a federal habeas court can grant the writ based on a miscarriage of justice" where "[petitioner] was sentenced under an amended version of the Arkansas habitual offender statute not in force when he committed his crime and which on its face did not apply to him").

[9] On the face of it, "notice" claims like Morabito's—which challenge the fairness, not the accuracy, of the conviction—do not seem to implicate the concerns which animate the "miscarriage of justice" line of cases, i.e., whether "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[10] On the other hand, as noted in the text, *supra*, lack of exhaustion may be excused where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

The Third Circuit explained one kind of interaction between exhaustion and procedural default in *Lines v. Larkins*:

> Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims. If, however, state procedural rules bar a petitioner from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process [as required by 28 U.S.C. § 2254(b)]. Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.

208 F.3d at 160 (citations omitted); *cf. id.* at 160 n.9 ("The considerable confusion

petitioner comes to federal court much too late, Morabito has come too early.  Therefore, Morabito's claims are not exhausted, but they are also not yet procedurally defaulted, because he is not time-barred or otherwise foreclosed from properly presenting his claims to the Pennsylvania courts (indeed, he is doing so at the same time he presses this federal petition).  *Cf. Lines v. Larkins*, 208 F.3d 153 (3d Cir. 2000).  Where there is no procedural default, there is no "miscarriage of justice" exception.[11]

### Other objections

In Morabito's "supplemental arguments to his objections," he advances several alternate arguments based on Pennsylvania state law and the Pennsylvania constitution.  These claims are unavailing in the context of federal habeas.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 2254(a); 28 U.S.C. §§ 2241(c)(3);

### ORDER

**AND NOW**, this 18th day of July, 2007, after review of the Report and Recommendation of United States Magistrate Judge Charles B. Smith, upon de novo

---

swirling around habeas review of state convictions is exacerbated by the interrelationship of procedural default and exhaustion.").

[11] This makes logical, as well as doctrinal, sense.  Unlike the situation where a petitioner is out of time in state court (and likely to run afoul of AEDPA's time bar as well), dismissal at this juncture will not deprive Morabito of a chance to present his claim of unconstitutional confinement to either the state or federal courts.

consideration of the objections raised by petitioner Donald Morabito, and for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. the Report and Recommendation is **APPROVED** and **ADOPTED**;

2. the petition for a writ of habeas corpus is **DISMISSED** without prejudice;

3. there is no probable cause to issue a certificate of appealability;

4. the docket shall be amended as directed in footnote one of the accompanying Memorandum; and

5. the Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.